IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRYSTAL KAY NASH,
No. R-85421,

Petitioner,

v.                                     No. 3:17-cv-00926-DRH

WARDEN of LOGAN CORRECTIONAL
CENTER,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Crystal Kay Nash, a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges her 2009 Edwards County, Illinois, conviction for drug-induced homicide. She was also convicted of a drug possession charge, but does not appear to be challenging that conviction. (Doc. 1, p. 14). She filed this action on August 25, 2017, in the Central District of Illinois. On August 30, 2017, that court transferred the action to this District pursuant to 28 U.S.C. § 2241(d), because Edwards County is located within the Southern District of Illinois.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge

must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the Petition and the record of Petitioner's 2016 habeas action in this Court, out of an abundance of caution, the Court concludes that a response is appropriate.

## **Background**

Petitioner pled guilty to the charges of drug-induced homicide and possession of a controlled substance. On December 15, 2009, she was sentenced to a total of 20 years in prison. (Doc. 1, p. 1). Her Petition indicates that she did not directly appeal the judgment or sentence.[1] (Doc. 1, pp. 2-4).

She did seek post-conviction relief in state court, without success. (Doc. 1, p. 5-6). Neither the instant Petition nor the record in her previous federal habeas case discloses the date when the post-conviction petition was filed or denied. She states that she did not appeal the denial of her post-conviction petition to the Illinois Court of Appeals or the Supreme Court of Illinois. *See Nash v. Burke*, Case No. 16-cv-313-DRH (S.D. Ill. Doc. 7).

In March 2016, Petitioner filed an action in this Court seeking habeas corpus relief under 28 U.S.C. § 2254, *Nash v. Burke*, Case No. 16-cv-313-DRH. That action was dismissed without prejudice on April 13, 2016. Petitioner raised 4 grounds for relief in that earlier action: The State did not ensure that she was reviewed by a mental health care professional; trial counsel was ineffective; the State destroyed evidence that Petitioner believed to be exculpatory; and the State

---

[1] Petitioner brought an earlier habeas corpus action in this Court, *Nash v. Burke*, Case No. 16-cv-313-DRH. Some of the background information is taken from that petition, because the current Petition does not include much detail.

violated her right to counsel by questioning her on 3 occasions when her attorney was not present.  Only the first 2 of these grounds had been included in the state post-conviction challenge.  This Court dismissed the first habeas action based on a finding that Petitioner had failed to exhaust her available remedies in the state courts of Illinois before seeking federal habeas corpus relief.  *Nash v. Burke*, Case No. 16-cv-313-DRH (S.D. Ill. Doc. 7).

## **The Petition**

Petitioner raises 3 grounds in the present petition:  (1) evidence that could have helped her case was not used in court (specifically, Andrew Heid and Joshua Nash destroyed a medicine bottle by putting it in the trash) (Doc. 1, p. 5); (2) she was subjected to a coercive interrogation where she "was questioned for hours after [her] son died until [she] admitted [she] gave him the meds" (Doc. 1, p. 6); (3) Petitioner's attorney did not explain things to her adequately during the criminal proceedings and "was in a big hurry to get [her] case out of the way" (Doc. 1, p. 8).

The Petition does not indicate what further steps Petitioner may have taken to exhaust her remedies in state court, in the time since this Court dismissed her earlier habeas corpus action in April 2016.

The form habeas petition provides space for an explanation of why the habeas applicant did not exhaust her remedies in state court.  In response to that prompt, Petitioner states that she "wasn't stable at that time" (Doc. 1, pp. 5, 11), was on a lot of medications, and "didn't understand what was going on."  (Doc. 1,

p. 7). She also claims that "[t]he state didn't look into everything." (Doc. 1, p. 9). To explain why her Petition should not be barred by the one-year statute of limitations, she stated, "I didn't know how to go about it, I want to prove I didn't kill my son." (Doc. 1, p. 13). This information suggests that Petitioner is attempting to show cause and prejudice for what appears to be a failure to exhaust her remedies in state court. *See* 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001).

## **Disposition**

Without commenting on the merits of Petitioner's claims, based on the limited record before it at this stage, the Court concludes that it is not plainly apparent that Petitioner is not entitled to habeas relief.

**IT IS THEREFORE ORDERED** that Respondent shall answer the Petition or otherwise plead within thirty days of the date this order is entered (on or before November 16, 2017).[2] This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness argument it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge **Clifford J. Proud** for further pre-trial proceedings.

---

[2] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of her continuing obligation to keep the Clerk (and each opposing party) informed of any change in her whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Signed this 17th day of October, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.10.17 10:20:08 -05'00'

**UNITED STATES DISTRICT JUDGE**