## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRYSTAL KAY NASH,

       Petitioner,

v.                              No. 17-cv-926-DRH-CJP

WARDEN of LOGAN CORRECTIONAL
CENTER,

       Respondent.

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

This matter comes before the Court on the Report and Recommendation ("the Report") issued by Magistrate Judge Clifford J. Proud on July 27, 2018 (doc. 11). The Report recommends that the Court grant respondent, Warden of Logan Correction Center's motion to dismiss (doc. 9) and that the action be dismissed with prejudice due to the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 being time-barred. Based on the applicable law, the record, and the following, the Court **ADOPTS** the Report (doc. 11) in its entirety and **DISMISSES** the case **with prejudice**.

Concisely, petitioner Nash ("petitioner") was sentenced in state court to 20 years imprisonment on December 15, 2009 on charges of drug-induced homicide and possession of a controlled substance. Petitioner did not file a direct appeal. Instead, on June 6, 2011, petitioner filed a state post-conviction petition which was then denied in January 2012. Petitioner appealed this decision in October 2014 and the appeal was dismissed the following month. The pending petition

1

for writ of habeas corpus under 28 U.S.C. § 2254 was not filed until August 2017 and claims that evidence that could have helped the case was not used in court; that petitioner was subject to a coercive investigation; and that petitioner's attorney did not explain things to her adequately throughout the duration of her criminal proceedings. The government filed its motion to dismiss (doc. 9) soon after on November 6, 2017 arguing the petition is time-barred and Judge Proud's Report (doc. 11) was issued on July 27, 2018.

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1)(C), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

*Id.*

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id.* In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id.* Under the clear error standard, the Court can only overturn a

2

Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made."  *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Here, the Court adopts the Report in its entirety after reviewing for clear error.  Although petitioner filed a response to the Report (*see* doc. 12), none of what she wrote raises specific objections to any part of the Report.  Instead, the only applicable portion of petitioner's response simply states that she objects and that she didn't file "the paper work in tome [*sic*] because no one helped me or explained I could do that."  Doc. 12 at 1[1].

28 U.S.C. § 2244 creates a one-year limitation period for filing a petition for writ of habeas corpus.  The limitations period runs from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

---

[1] The rest of petitioner's response focuses on issues outside the Report and thus, are not applicable to this analysis.

Here, based on the facts alleged within, subsection (d)(1)(A) applies and the limitations period began when judgment became final.[2]

This one-year limitations period may be equitably tolled in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Equitable tolling only applies when one can show that he or she has been pursuing their rights diligently and that some extraordinary circumstance stood in their way which prevented timely filing. *Id*. at 2562. Petitioner's alleged lack of legal knowledge or legal help does not constitute an extraordinary circumstance and the Court has no other facts to work off of as petitioner did not file any response to the motion to dismiss itself.

Accordingly, the Court adopts the analysis of Judge Proud as laid out in the Report and finds petitioner's writ of habeas corpus to be time-barred. The Court **ADOPTS** the Report in its entirety (doc. 11) and **GRANTS** the defendant's motions to dismiss (doc. 9). The action is **dismissed with prejudice** and a certificate of appealability is **DENIED** as no reasonable jurists would find it debatable whether the Court is correct in its ruling**.** *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).

**IT IS SO ORDERED.**

Judge Herndon
2018.08.22 14:38:10
-05'00'

**United States District Judge**

---

[2] Petitioner does no allege her claim arises from a newly-recognized constitutional right or from newly-discovered facts nor does she claim the state created an impediment to her filing.